IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARY VALVANIS, JOHN VALVANIS AND GEORGE VALVANIS,<br><br>              Plaintiffs,<br><br>     vs.<br><br>ROBERT B. MILGROOM AND NADA MARTL aka NADA R. MILGROOM,<br><br>              Defendants.<br>_____ | ) CIVIL NO. 06-00144 JMS-KSC<br>)<br>) 1) ORDER AFFIRMING THE<br>) MAGISTRATE JUDGE'S ORDER<br>) DENYING DEFENDANTS'<br>) MOTION TO EXPUNGE ORIGINAL<br>) AFFIDAVIT OF JOHN VALVANIS<br>) AND NOTICE OF ADVERSE<br>) CLAIM RECORDED ON MARCH 3,<br>) 2006 AND NOTICE OF PENDENCY<br>) OF ACTION FILED ON APRIL 4,<br>) 2006, RECORDED ON APRIL 6,<br>) 2006; 2) ORDER DENYING<br>) MARTL'S MOTION FOR<br>) PRELIMINARY INJUNCTION |

**1) ORDER AFFIRMING THE MAGISTRATE JUDGE'S ORDER DENYING DEFENDANTS' MOTION TO EXPUNGE ORIGINAL AFFIDAVIT OF JOHN VALVANIS AND NOTICE OF ADVERSE CLAIM RECORDED ON MARCH 3, 2006 AND NOTICE OF PENDENCY OF ACTION FILED ON APRIL 4, 2006, RECORDED ON APRIL 6, 2006; 2) ORDER DENYING MARTL'S MOTION FOR PRELIMINARY INJUNCTION**

This dispute involves an allegedly fraudulent transfer of real property located in Honolulu, Hawaii ("Hawaii Property") from Robert Milgroom ("Milgroom") to Nada Martl ("Martl"), (collectively, "Defendants"), which Plaintiffs Mary, John, and George Valvanis ("Plaintiffs" or "Valvanis Family") seek to avoid. Plaintiffs filed an Original Affidavit of John Valvanis and Notice of Adverse Claim on March 3, 2006, and a Notice of Pendency of Action on April 4,

2006, regarding the Hawaii Property.

Pending before the court are two matters.  First, Martl appeals Magistrate Judge Kevin S.C. Chang's October 5, 2007 Order Denying Martl's Motion to Expunge Original Affidavit of John Valvanis and Notice of Adverse Claim Recorded on March 3, 2006 and Notice of Pendency of Action Filed on April 4, 2006, Recorded on April 6, 2006 (the "October 5, 2007 Order").  Second, Martl moves this court to issue a preliminary injunction prohibiting Plaintiffs from taking any further action to prevent, hinder, or delay the sale of the Hawaii Property.  Based on a review of the record, the court AFFIRMS the Magistrate Judge's October 5, 2007 Order and DENIES Martl's Motion for Preliminary Injunction.

## I. BACKGROUND

### A. Factual Background[1]

Plaintiffs claim that they are creditors of Milgroom based on a business dispute that has been litigated in Massachusetts state court since 1987 (the "Massachusetts Action").  Plaintiffs further allege that Milgroom transferred his interest in the Hawaii Property to Martl in order to hide and shield his assets

---

[1] A more detailed recitation of the facts of the case can be found in the court's Order Denying Defendants' Motions to Dismiss and/or for Summary Judgment.

from Plaintiffs.

In September 2001, Milgroom married Martl, six months after Milgroom's wife passed away. Martl agreed to marry Milgroom and give up her real estate business in exchange for half of Milgroom's net worth, which was estimated to be at least $10 million. Am. Compl. ¶¶ 19-20. In lieu of giving Martl $5 million, Milgroom added her name to all of his financial accounts. *Id.* ¶ 21.

On August 2, 2002, Defendants purchased the Hawaii Property, located at 253 Puuikena Drive, Honolulu, Hawaii 96821, for $5.2 million cash. *Id.* ¶ 24. Plaintiffs allege that these funds are traceable to Milgroom's $10 million net worth. *Id.* ¶ 25. On May 13, 2003, Milgroom transferred his interest in the Hawaii Property to Martl for no consideration. *Id.* ¶ 29. As a result, Milgroom allegedly became insolvent. *Id.* ¶ 30.

In June 2005, Milgroom and Martl divorced. *Id.* ¶ 33. Martl left Hawaii in 2006, and listed the Hawaii Property for sale with an asking price of $6,500,000. *Id.* ¶ 54. This listing price is less than the 2005 tax assessed value of $7,442,800, and comparable homes in the area listing for $8,000,000. *Id.*

**B.     Procedural Background**

On March 3, 2006, Plaintiffs filed an Original Affidavit of John Valvanis and Notice of Adverse Claim regarding the Hawaii Property ("NAC")

3

pursuant to Hawaii Revised Statutes ("HRS") § 501-186.  On March 10, 2006, Plaintiffs filed their Complaint alleging (1) Fraudulent Conveyance under HRS ch. 651C ("HUFTA"); (2) Civil Conspiracy to Defraud; (3) Common Law Fraudulent Transfer; (4) Constructive and/or Resulting Trust and/or Equitable Lien; (5) Injunction Against Further Disposition of the Hawaii Property; and (6) Appointment of Receiver.[2]  On April 4, 2006, Plaintiffs filed a Notice of Pendency of Action ("NOPA") pursuant to HRS §§ 634-51 and 501-151, and on May 8, 2006, Martl filed a (1) Motion to Expunge the Original Affidavit of John Valvanis and Notice of Pendency of Action, and (2) Motion for Preliminary Injunction prohibiting Plaintiffs from taking any further action that would prevent Martl from selling the Hawaii Property.  Martl's motions were ultimately deemed withdrawn when this action was stayed from September 27, 2006 to August 2, 2007 to allow the Massachusetts Action between Plaintiffs and Milgroom to complete through trial.

On August 6, 2007, Martl filed a (1) Motion to Expunge Original Affidavit of John Valvanis and Notice of Pendency of Action ("Motion to Expunge"), and (2) Motion for Preliminary Injunction.  On September 14, 2007,

---

[2] On May 23, 2006, Plaintiffs filed an Amended Complaint to include Milgroom as a defendant and allege additional claims of Spoliation of Evidence and Enforcement of Contempt Order and Judgment.

Plaintiffs responded to Martl's Motion to Expunge, and Martl replied on September 21, 2007.  On October 5, 2007, Magistrate Judge Kevin S.C. Chang denied Martl's Motion to Expunge, which Martl appealed to this court on October 16, 2007.  On October 11, 2007, Plaintiffs responded to Martl's Motion for Preliminary Injunction, and Martl replied on October 18, 2007.  For the reasons stated herein, the court AFFIRMS the Magistrate Judge's October 5, 2007 Order, and DENIES Martl's Motion for Preliminary Injunction.

## II. STANDARDS OF REVIEW

### A. Appeal of Pretrial Nondispositive Matter Determined by Magistrate Judge

Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(a), and Local Rule ("LR") 74.1, any party may appeal to the district court any pretrial nondispositive matter determined by a magistrate judge.  Such an order may be reversed by the district court judge only when it is "clearly erroneous or contrary to law."  LR 74.1.

The threshold of the "clearly erroneous" test is high.  *See Boskoff v. Yano*, 217 F. Supp. 2d 1077, 1083 (D. Haw. 2001) ("Under the 'clearly erroneous' standard, the lower court's ruling must be accepted unless, after reviewing the entire record, this Court is left with the definite and firm conviction that a mistake has been committed.") (citation and quotation signals omitted); *Thorp v. Kepoo*,

100 F. Supp. 2d 1258, 1260 (D. Haw. 2000) (stating that the clearly erroneous standard is "significantly deferential, requiring a definite and firm conviction that a mistake has been committed") (citation and quotation signals omitted); *accord United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948) ("A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."); *Burdick v. Comm'r Internal Revenue Serv.*, 979 F.2d 1369, 1370 (9th Cir. 1992) ("A finding of fact is clearly erroneous if we have a definite and firm conviction that a mistake has been committed.").

### B. Preliminary Injunction

"The standard for granting a preliminary injunction balances the [movant's] likelihood of success against the relative hardship to the parties." *Clear Channel Outdoor, Inc. v. City of L.A.*, 340 F.3d 810, 813 (9th Cir. 2003). The Ninth Circuit has articulated two different sets of criteria for preliminary injunctive relief. Under "the traditional test," the movant must "establish (1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to [movant] if preliminary relief is not granted, (3) a balance of hardships favoring the [movant], and (4) advancement of the public interest (in certain cases)." *Lands Council v. Martin*, 479 F.3d 636, 639 (9th Cir. 2007) (citations and internal

quotations omitted); *Taylor v. Westly*, 488 F.3d 1197, 1202 (9th Cir. 2007).

Under the alternative test, a party must demonstrate "either: (1) a likelihood of success on the merits and the possibility of irreparable injury; or (2) that serious questions going to the merits were raised and the balance of hardships tips sharply in [its] favor." *Lands Council*, 479 F.3d at 639 (citation and internal quotations omitted); *Taylor*, 488 F.3d at 1202.

"These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases. They are not separate tests but rather outer reaches of a single continuum." *In re Excel Innovations, Inc.*, __ F.3d __, 2007 WL 2555941, at *5 (9th Cir. Sept. 7, 2007) (citation omitted); *see also Lands Council*, 479 F.3d at 639 ("'[T]he less certain the district court is of the likelihood of success on the merits, the more [movants] must convince the district court that the public interest and balance of hardships tip in their favor.'") (*quoting Sw. Voter Registration Educ. Project v. Shelley*, 344 F.3d 914, 918 (9th Cir. 2003) (en banc) (per curiam)). "Under either formulation of the test, the moving party must demonstrate a significant threat of irreparable injury." *Arcamuzi v. Cont'l Air Lines, Inc.*, 819 F.2d 935, 937 (9th Cir. 1987) (citation omitted).

## III. **DISCUSSION**

A. **The October 5, 2007 Order Is Not Clearly Erroneous or Contrary to Law**

Having reviewed the pleadings of the parties before Magistrate Judge Chang and Martl's appeal, the court finds Magistrate Judge Chang's October 5, 2007 Order is not clearly erroneous or contrary to law.

### 1. *Notice of Pendency of Action*

Hawaii's lis pendens statute provides that "[i]n any action concerning real property or affecting the title or the right of possession of real property" a notice of pendency of the action may be recorded in the state bureau of conveyances, state court or United States District Court. HRS § 634-51.[3] "[T]he lis pendens statute must be strictly construed and [] the application of lis pendens should be limited to actions *directly* seeking to obtain title to or possession of real property." *S. Utsunomiya Enter., Inc. v. Moomuku Country Club*, 75 Haw. 480, 510, 866 P.2d 951, 966 (1994). Because courts generally restrict their review to

---

[3] Plaintiffs filed the NOPA pursuant to both HRS §§ 634-51 and 501-151. Section 634-51 is directed to unregistered land, while § 501-151 authorizes the filing or recording of a lis pendens against registered land. Section 501-151 parallels § 634-51 in that it allows recording of a lis pendens in "any action affecting the title to real property or the use and occupation thereof or the buildings thereon" and provides that the lis pendens can be recorded in a United States district court or a Hawaii state court. *Id.* § 501-151. For purposes of analysis, no distinction has been made between the two lis pendens statutes. *See Sports Shinko Co. v. QK Hotel, LLC*, 457 F. Supp. 2d 1121, 1125 n.8 (D. Haw. 2006) ("[T]he analysis in this case is the same under either statute.") (*citing Knauer v. Foote*, 101 Haw. 81, 63 P.3d 389 (2003).

the face of the complaint, "the likelihood of success on the merits is irrelevant to determining the validity of the lis pendens." *See id.* at 505, 866 P.2d at 964 (adopting this approach as used in other jurisdictions).

In *Sports Shinko Co. v. QK Hotel, LLC*, 457 F. Supp. 2d 1121, 1128 (D. Haw. 2006), Senior United States District Court Judge Alan C. Kay addressed "whether a HUFTA claim - seeking avoidance of the transfer of real property to the extent necessary to satisfy the plaintiff/creditor's claim . . . - is the proper basis for a lis pendens under the lis pendens statute . . . ." While Judge Kay acknowledged *S. Utsunomiya Enterprises'* directive that the statute be strictly construed, he nonetheless found that a HUFTA claim seeking to avoid the transfer is a proper basis for a lis pendens. The court reasoned that "[a]lthough the creditor/plaintiff is not directly seeking to obtain title for itself, it is enough that the creditor/plaintiff is directly seeking to obtain title for the debtor, on the creditor/plaintiff's behalf." *Id.* at 1129 (*citing Kirkeby v. Superior Court*, 33 Cal. 4th 642 (2004)).

Magistrate Judge Chang applied the reasoning of *Utsunomiya* and *Sports Shinko* to determine that the NOPA was appropriate. Similar to *Sports Shinko*, Plaintiffs allege fraudulent transfer of the Hawaii Property under HUFTA, and seek avoidance of the transfer. October 5, 2007 Order at 8-9. The magistrate

judge therefore found that "[b]ecause this remedy affects title to or possession of real property, it is a proper basis for a lis pendens under Hawaii Revised Statutes §§ 634-51, 501-151 and *Utsunomiya*." *Id.* at 9.

Despite the applicability of *Sports Shinko* to these facts, Martl argues that the October 5, 2007 Order should nonetheless be vacated because unlike *Sports Shinko*, here "there is simply no way to 'avoid the transfer'" of the Hawaii Property. Martl Appeal Br. at 6. Martl relies on the fact that Defendants first held the Hawaii Property as tenants by the entirety, yet Plaintiffs seek to avoid the later transfer from Milgroom to Martl. Martl contends that the conveyance to her as a matter of law cannot be undone because Defendants are now divorced and therefore the property cannot be transferred back to Milgroom and Martl as tenants by the entirety.

This argument fails to persuade the court that the October 5, 2007 Order is clearly erroneous. While it is true that property held in a tenancy by the entirety "is not subject to the claims of his or her individual creditors during the joint lives of the spouses," *Sawada v. Endo*, 57 Haw. 608, 612, 561 P.2d 1291, 1295 (1977), "[t]he creation of a tenancy by the entirety may not be used as a device to defraud existing creditors." *Id.* at 616, 561 P.2d at 1297 (citations omitted); *see also In re Estate of Wall*, 440 F.2d 215, 219 (1971) ("That is not to

say, however, that the rights and remedies of existing creditors can be obliterated by the simple expedient of erecting a tenancy by the entireties in property that is otherwise vulnerable.").

Here, Plaintiffs claim that Defendants' creation of the tenancy by the entirety was for the purpose of defrauding Plaintiffs.[4] While Hawaii courts have not addressed whether avoidance is a proper remedy under these facts, other jurisdictions with a similar tenancy by the entireties law have found that a fraudulent creation of a tenancy by the entireties does not bar creditors' claims. *See, e.g.*, *In re Blitstein*, 105 B.R. 133, 135 (S.D. Fla. 1989) (finding that the "transfer of property by a debtor, through a conduit to the debtor and his wife, to create an estate by the entireties in order to place property beyond the reach of creditors constitutes a fraud on the creditors in and of itself creating a continuing and resulting trust and allowing the avoidance of that conveyance") (*citing Sample v. Natalby*, 162 So. 340 (Fla. 1935)); *Koffman v. Smith*, 682 A.2d 1282, 1288 (Pa. Super. 1996) (stating that pursuant to Pennsylvania law, "when a spouse conveys individual property to a tenancy by the entireties in fraud of creditors, a creditor

---

[4] Pursuant to the Scheduling Order, the deadline to amend pleadings is December 15, 2007. *See* Magistrate Judge Chang's October 24, 2007 Ruling Granting Plaintiffs' Motion to Modify Second Amended Rule 16 Scheduling Order. During the October 29, 2007 Hearing, Plaintiffs' counsel stated that Plaintiffs intended to amend the Amended Complaint to specifically allege that Defendants created the tenancy to defraud creditors.

may nevertheless execute against the conveyed property"); *Probst v. Probst*, 41 N.E.2d 608, 609 (Ind. 1942) (finding that trial court "erroneously refused to conclude" that house purchased with funds of debtor to be held in tenancy by the entireties by his son and daughter-in-law was property of the debtor subject to sale on execution to satisfy creditor's claims).[5]

Based on the foregoing, Defendants' creation of a potentially fraudulent tenancy by the entireties does not automatically bar Plaintiff's request to avoid the later transfer to Martl. Accordingly, the October 5, 2007 Order, in applying *Sports Shinko* to the facts of this case to deny Martl's motion to expunge, was not clearly erroneous or contrary to law.

### 2. *Notice of Adverse Claim*

In his October 5, 2007 Order, Magistrate Judge Chang questioned whether the court had jurisdiction to determine whether to expunge the NAC and affidavit. HRS§ 501-186 provides that:

> Whoever claims any right or interest in registered land adverse to the registered owner arising subsequent to the date of original registration may, if no other provision is made in this

---

[5] *Sawada* surveyed the present state of tenancy by the entirety law to join those states which hold that "the interest of a husband or wife in an estate by the entireties is not subject to the claims of his or her individual creditors during the joint lives of the spouses." 57 Haw. at 612, 561 P.2d at 1294. Those states included Florida, Indiana, and Pennsylvania (cited above), which have addressed remedies for a fraudulent creation of tenancy by the entireties. As such, the court finds these states' resolution of this issue instructive.

> chapter for registering the same, make a statement in writing setting forth fully the alleged right or interest . . . .  This statement is entitled to registration as an adverse claim, and *the court*, upon the petition of any party in interest, may require an approved bond to be filed for the payment of double costs if so taxed, and shall grant a speedy hearing upon the question of the validity of the adverse claim, and shall enter such decree thereon as justice and equity may require.

(emphasis added). Section 501-1 defines the term "court" in HRS Chapter 501 as "the land court, the administrative judge of the circuit court of the first circuit, civil division, or the circuit judge to whom a land court matter is assigned pursuant to section 501-2." *See also id.* ("A court is established, called the land court, which shall have exclusive original jurisdiction of all applications for the registration of title to land and . . . also have jurisdiction over such other questions as may come before it under this chapter, subject to the rights of appeal under this chapter."). Unlike Hawaii's lis pendens statute (which specifically permits filing in federal court), HRS § 501-186 authorizes only "the court" (that is, the land court) to determine the validity of the adverse claim.

       It appears that the court, based on the language of HRS § 501-1, is without jurisdiction to rule on Martl's Motion to Expunge at it relates to the NAC. The court therefore denies jurisdiction of the NAC; Martl may file a motion she deems appropriate in state court.

**B.     Preliminary Injunction**

For the following reasons, the court finds that the factors relevant to the preliminary injunction determination do not weigh in Martl's favor.

### 1.     *Martl Has Failed to Demonstrate Probable Success on the Merits*

Martl argues that she has a high probability of success on the merits because Plaintiffs have failed to state a cognizable claim against her in the Amended Complaint.  Specifically, Martl argues that Plaintiffs' fraudulent conveyance claim forms the basis of the Amended Complaint.  Since Defendants initially held the Hawaii Property as tenants by the entirety, Martl contends that the Hawaii Property is not subject to Milgroom's creditors, including the Plaintiffs.  The court finds this argument unpersuasive.

As discussed in the court's Order Denying Defendants' Motions to Dismiss and/or for Summary Judgment, in a tenancy by the entirety "[n]either husband nor wife has a separate divisible interest in the property held by the entirety that can be conveyed or reached by execution." *Sawada*, 57 Haw. at 614, 561 P.2d at 1295.  As such, "an estate by the entireties is not subject to the claims of his or her individual creditors during the joint lives of the spouses." *Id*. at 612, 561 P.2d at 1295.  This rule creates no unfairness to creditors:  "If a debt arose prior to the creation of the estate, the property was not a basis of credit, and if the

debt arose subsequently the creditor presumably had notice of the characteristics of the estate which limited his right to reach the property." *Id.* at 616, 561 P.2d at 1296-97 (citations omitted).

Despite the general protection against creditors that a tenancy by the entirety enjoys, "the creation of a tenancy by the entirety may not be used as a device to defraud existing creditors." *Id.* at 616, 561 P.2d at 1297 (citations omitted); *see also In re Estate of Wall*, 440 F.2d at 219 ("That is not to say, however, that the rights and remedies of existing creditors can be obliterated by the simple expedient of erecting a tenancy by the entireties in property that is otherwise vulnerable."); *see, e.g.*, *In re Blitstein*, 105 B.R. at 135 (finding that the "transfer of property by a debtor, through a conduit to the debtor and his wife, to create an estate by the entireties in order to place property beyond the reach of creditors constitutes a fraud on the creditors in and of itself creating a continuing and resulting trust and allowing the avoidance of that conveyance") (*citing Sample*, 162 So. at 340); *Koffman*, 682 A.2d at 1288 (stating that pursuant to Pennsylvania law, "when a spouse conveys individual property to a tenancy by the entireties in fraud of creditors, a creditor may nevertheless execute against the conveyed property"); *Probst*, 41 N.E.2d at 609 (finding that trial court "erroneously refused to conclude" that house purchased with funds of debtor to be

held in tenancy by the entireties by his son and daughter-in-law was property of the debtor subject to sale on execution to satisfy creditor's claims).

Plaintiffs argue that the creation of the tenancy by the entirety was for the purpose of defrauding Plaintiffs. *See* Pls.' Summ. J. Br. at 28-30. Because this allegation materially distinguishes this case from *Sawada*, Martl's attempt to apply *Sawada* fails. *Sawada* addressed whether a creditor could reach property that was held in a tenancy by the entirety at the time the creditor's claim arose, and which was subsequently transferred from the debtor and his wife to their children. *Sawada*, 57 Haw. at 609-10, 561 P.2d at 1293. Unlike the facts of this case, the plaintiff in *Sawada* did not argue that the debtor created the tenancy by the entireties to defraud his creditors.[6] Indeed, *Sawada* recognized that "the creation of the tenancy by the entirety may not be used as a device to defraud existing creditors." *Id.* at 616, 561 P.2d at 1297.

Whether Plaintiffs will be able to prove that Defendants purchased the Hawaii Property to defraud Milgroom's creditors may ultimately be a jury issue. Based on Martl's argument, however, this court cannot find that Martl has proven probable success on the merits.

---

[6] *In re Nam*, 257 B.R. 749, 761 (Bankr. E.D. Pa. 2000), which Martl also relies on, suffers from the same problems as *Sawada*. *In re Nam* addressed the transfer of property from a tenancy by the entireties, and did not raise the propriety of the creation of the tenancy by the entireties.

16

### *2.      Martl Has Failed to Demonstrate Irreparable Harm*

Martl argues that Plaintiffs are impermissibly encumbering the title to the Hawaii Property, which is causing her irreparable harm because she cannot sell the Hawaii Property and the real estate market "appears to be softening." Martl Prelim. Inj. Br. at 16. This argument lacks merit.

As discussed above, the NOPA is not an "impermissible" encumbrance; the court upholds the October 5, 2007 Order denying Martl's motion to expunge. Moreover, Martl's alleged "harm" is speculative and/or could be remedied through money damages.[7] *See Goldie's Bookstore, Inc. v. Superior Court of Cal.,* 739 F.2d 466, 472 (9th Cir. 1984) ("Speculative injury does not constitute irreparable injury."); *see also Lydo Enter., Inc. v. City of Las Vegas*, 745 F.2d 1211, 1213 (9th Cir. 1984) (explaining that if money damages or other relief granted in the ordinary course of litigation can adequately compensate the party, irreparable injury probably will not follow the denial of a preliminary injunction); *L.A. Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1202 (9th Cir. 1980) (noting that purely monetary injuries normally are not considered

---

[7] Martl argues that if her Motion to Dismiss and Appeal of the October 5, 2007 Order are denied, then the court should still grant the Motion for Preliminary Injunction because the current encumbrances (the lis pendens and NAC) are sufficient to prevent her from selling the Hawaii Property. Martl's argument ignores that she must prove the possibility of irreparable injury if preliminary relief is not granted; Martl makes no argument that any *additional* actions by Plaintiffs will cause her irreparable harm.

irreparable). Martl has therefore failed to demonstrate a "significant threat of irreparable injury." *Arcamuzi*, 819 F.2d at 937.

### 3. *The Balance of Hardships Does Not Tip in Favor of Martl*

The parties do not expressly address this factor. However, the court finds that this factor weighs against granting Martl's motion for preliminary injunction.

Martl requests the court to issue an order preventing Plaintiffs from taking any further action to prevent, hinder, or delay the sale of the Hawaii Property. The Hawaii Property, however, lies at the center of this dispute and is the focus of many of Plaintiffs' claims and requested relief. Specifically, Plaintiffs seek (1) avoidance of the Hawaii Property transfer from Milgroom to Martl, Am. Compl. Count I; (2) constructive and/or resulting trust in favor of Plaintiffs over the Hawaii Property, *id.* Count IV; (3) injunction against Defendants preventing the sale or other transfer of the Hawaii Property, *id.* Count V; and (4) appointment of a receiver to take possession of the Hawaii Property. *Id.* Count VI. If Martl sold the Hawaii Property during the pendency of this action, then Plaintiffs would be unable to recover much of the relief they seek in this action. Accordingly, this factor weighs against granting the preliminary injunction.

### C.  *Public Policy*

The court finds that there are no strong public policy arguments affecting the preliminary injunction determination.

### IV.  **CONCLUSION**

The court therefore AFFIRMS Magistrate Judge Steven S.C. Chang's October 5, 2007 Order.  Further, as none of the relevant factors weigh in favor of a preliminary injunction, the court DENIES Martl's Motion for Preliminary Injunction.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, November 13, 2007.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Valvanis et al. v. Milgroom et al.*, Civ. No. 06-00144 JMS/KSC, 1) Order Affirming the Magistrate Judge's Order Denying Defendants' Motion to Expunge Original Affidavit of John Valvanis and Notice of Adverse Claim Recorded on March 3, 2006 and Notice of Pendency of Action Filed on April 4, 2006, Recorded on April 6, 2006; 2) Order Denying Martl's Motion for Preliminary Injunction