IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARY VALVANIS, JOHN VALVANIS AND GEORGE VALVANIS,<br><br>　　　　　　Plaintiffs,<br><br>　　vs.<br><br>ROBERT B. MILGROOM AND NADA MARTL aka NADA R. MILGROOM,<br><br>　　　　　　Defendants.<br>_____ | ) CIVIL NO. 06-00144 JMS-KSC<br>)<br>)<br>) ORDER AFFIRMING<br>) MAGISTRATE JUDGE KEVIN S.C.<br>) CHANG'S FEBRUARY 7, 2008<br>) ORDER DENYING MOTION TO<br>) SET ASIDE DEFAULT AGAINST<br>) DEFENDANT NADA R. MARTL<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER AFFIRMING MAGISTRATE JUDGE KEVIN S.C. CHANG'S FEBRUARY 7, 2008 ORDER DENYING MOTION TO SET ASIDE DEFAULT AGAINST DEFENDANT NADA R. MARTL

Currently before the court is Defendant Nada Martl's ("Martl")

Appeal of Magistrate Judge Kevin S.C. Chang's Order Denying Motion to Set

Aside Default Judgment against Martl ("Martl's Appeal"). Having reviewed the

pleadings before Magistrate Judge Chang, the recording of the January 23, 2008

hearing on Martl's Motion to Set Aside Default, Martl's Appeal, and the entire

record of this case, the court AFFIRMS the Magistrate Judge Chang's February 7,

2008 Order Denying Martl's Motion to Set Aside Default Judgment.

# I. **BACKGROUND**

On May 23, 2006, Plaintiffs Mary, John, and George Valvanis ("Plaintiffs") filed a First Amended Complaint against Defendants Robert B. Milgroom ("Milgroom") and Martl, claiming various state law violations based on an alleged scheme by Defendants to hide and shield assets from Plaintiffs. On July 11, 2006, Plaintiffs requested entry of default against Martl, which the Clerk of Court entered that same day. On July 24, 2006, Martl, represented by new counsel, filed a motion to set aside default. Martl argued, among other things, that (1) her previous counsel did not notify her that her answer was due until one day prior to the deadline, and (2) Martl's son Christian Maertl ("Maertl") had notified Plaintiffs that Martl needed additional time to answer due to illness. On September 18, 2006, Magistrate Judge Chang granted Martl's motion to set aside default.

This action was stayed from September 27, 2006 to August 2, 2007 to allow a related Massachusetts state action to complete through trial. After the stay was lifted, and in response to the First Amended Complaint, Martl filed a Motion to Dismiss, or, in the Alternative, for Summary Judgment on August 15, 2007. On November 11, 2007, the court denied this motion.

On December 14, 2007, Plaintiffs filed a Motion for Leave to File

Second Amended Complaint, and a Request for Entry of Default against Martl, based on her failure to answer or otherwise plead to the First Amended Complaint. The Clerk of Court entered default that same day. On December 19, 2007, Martl's counsel moved to set aside the entry of default ("Martl's Motion").[1] Magistrate Judge Chang held a hearing on January 23, 2008 in which he denied Martl's Motion. A formal order followed on February 7, 2008 ("February 7, 2008 Order"). On February 14, 2008, counsel for Martl filed an Appeal of the February 7, 2008 Order, and Plaintiffs filed an Opposition on February 25, 2008.

## II.   STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(a), and Local Rule ("LR") 74.1, any party may appeal to the district court any pretrial nondispositive matter determined by a magistrate judge. Such an order may be reversed by the district court judge only when it is "clearly erroneous or contrary to law." LR 74.1.

---

[1] Prior to this Motion, Martl's counsel had filed the first of several motions to withdraw as counsel. To date, Magistrate Judge Chang has denied each motion because Martl's counsel has been unable to provide a current address for Martl as required by Local Rule 83.6 ("A motion to withdraw must specify the reasons for the withdrawal . . . and the name, address, and telephone number of the client."). Despite Martl having counsel in this action, Maertl claims that Martl granted him power of attorney, has submitted several letters to the court advocating for her, and most recently, signed an answer to the Second Amended Complaint on her behalf. *See* Doc. No. 266 (discussing letters submitted by Maertl on behalf of Martl); Doc. No. 315, Feb. 18, 2008 Maertl Decl.

The threshold of the "clearly erroneous" test is high.  *See Boskoff v. Yano*, 217 F. Supp. 2d 1077, 1083 (D. Haw. 2001) ("Under the 'clearly erroneous' standard, the lower court's ruling must be accepted unless, after reviewing the entire record, this Court is left with the definite and firm conviction that a mistake has been committed." (citation and quotation signals omitted)); *Thorp v. Kepoo*, 100 F. Supp. 2d 1258, 1260 (D. Haw. 2000) (stating that the clearly erroneous standard is "significantly deferential, requiring a definite and firm conviction that a mistake has been committed" (citation and quotation signals omitted)); *accord United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948) ("A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."); *Burdick v. Commissioner*, 979 F.2d 1369, 1370 (9th Cir. 1992) ("A finding of fact is clearly erroneous if we have a definite and firm conviction that a mistake has been committed.").

### III.  DISCUSSION

Federal Rule of Civil Procedure 55(c) provides that "[t]he court may set aside an entry of default for good cause."  The "good cause" standard under Rule 55(c) "is the same standard that governs vacating a default judgment under Rule 60(b)." *Franchise Holding II, LLC, v. Huntington Restaurants Group, Inc.*,

4

375 F.3d 922, 925 (9th Cir. 2004) (*citing TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001)).  The court should consider: "(1) whether [the defendant] engaged in culpable conduct that led to the default; (2) whether [the defendant] had a meritorious defense; or (3) whether reopening the default judgment would prejudice [the plaintiff]." *Id.* at 925-26.  "This tripartite test is disjunctive," *Cassidy v. Tenorio*, 856 F.2d 1412, 1415 (9th Cir. 1988), meaning that only one of these factors need be present to justify denial.  The party seeking to set aside default bears the burden of showing that any of these factors favor setting aside default.  *Franchise Holding II, LLC.*, 375 F.3d at 926.

        In determining the factor of prejudice, the relevant question is "'whether the plaintiff's ability to pursue his claim will be hindered.'"  *TCI Group Life Ins. Plan*, 244 F.3d at 701 (*quoting Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)).  The harm to a plaintiff must be more than "simply delaying resolution of the case." *Id.*; *see Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1225 (9th Cir. 2000) (finding no prejudice simply because a party loses a quick victory due to an opponent's procedural default and must now litigate on the merits).  "Rather, prejudice arises when tangible harm results, such as loss of evidence, increased difficulties in discovery, or greater opportunity for fraud or collusion." *Eads v. Holland Am. Line, Inc.*, 2008 WL 189673, at *3 (W.D. Wash. Jan. 18, 2008)

(*citing Thompson v. Am. Home Assurance*, 95 F.3d 429, 433-34 (6th Cir. 1996).

In denying Martl's Motion at the January 23, 2008 hearing, Magistrate Judge Chang considered the Rule 55(c) standard, and determined that setting aside default would prejudice Plaintiffs because Martl has failed to participate in this litigation, and there is no assurance that Martl will participate going forward.[2] Magistrate Judge Chang relied on the fact that Martl has failed to provide any address (whether to Plaintiffs, the court, or even her own counsel), and refused to respond to discovery requests. Magistrate Judge Chang further found that the totality of the circumstances and the history of this case -- including that Maertl shares an address with Milgroom and now asserts that he represents Martl -- provided an increased opportunity for collusion if the entry of default was set aside.

From its own review of the record of this case, the court finds that Magistrate Judge Chang's decision was neither clearly erroneous or contrary to law. From the record, it is unclear whether Martl knows the current status of this action, and/or plans to participate in any meaningful way. Indeed, Martl's counsel

---

[2] Martl's Appeal claims that under the circumstances of the case, there "is latitude to excuse Defendant from not having filed an answer to the First Amended Complaint . . . ." Martl Appeal 4. In fact, Martl provides no reasoned explanation -- perhaps other than the fact she is not in contact with her counsel -- as to why she did not file an answer to the First Amended Complaint.

has acknowledged that "Defendant Nada Martl has not been in communication with her counsel for quite some time."[3]  Martl Appeal 7.  Having Martl's current address would provide the court and Plaintiffs assurance that Martl is aware of the events in this action.  Stated differently, setting aside the entry of default without this information could allow Martl to later argue that she was not aware of events in this action.  Such result would clearly prejudice Plaintiffs.

Plaintiffs may also be prejudiced given Maertl's involvement as a representative of Martl.  Maertl asserts that Martl granted him power of attorney and represents her in this action.  The fact that Maertl lives with Milgroom, is not an attorney, and has not provided Martl's current address supports Magistrate Judge Chang's determination that setting aside entry of default could also allow for collusion between Defendants.[4]

Despite these facts supporting prejudice to Plaintiffs, Martl's counsel

---

[3] Even though Magistrate Judge Chang informed the parties that he would likely set aside default if Martl produced her current address prior to the January 23, 2008 hearing, *see* Martl Appeal 7, Martl failed to produce this information by the hearing.  The failure to provide a current address appears to be a result of either Martl's refusal to provide her address to her counsel or her refusal to communicate with her counsel.  The court thus concludes that Martl's own culpable conduct led to the entry of default. Further, this is the second time the Court of Clerk has entered default against Martl, and the second time Martl relies on lack of communication with counsel as an excuse for failure to answer the First Amended Complaint.

[4] Because the court concurs with Magistrate Judge Chang's determination of prejudice, and based on this court's finding of culpable conduct, the court need not address the parties' arguments regarding whether Martl can provide a meritorious defense.

argues that notwithstanding Martl's failure to provide her address, the February 7, 2008 Order was in error because Plaintiffs have recently filed a Second Amended Complaint, which Martl should be given an opportunity to answer. This argument does not counter the likelihood of prejudice to Plaintiffs that would result in setting aside default without Martl's current address and/or assurance that she will participate in this action. Based on the above, the court finds no error in Magistrate Judge Chang's February 7, 2008 Order; indeed, the facts fully support this determination.

### III. CONCLUSION

The court therefore AFFIRMS Magistrate Judge Kevin S.C. Chang's February 7, 2008 Order.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 27, 2008.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Valvanis et al. v. Milgroom et al.*, Civ. No. 06-00144 JMS/KSC, Order Affirming Magistrate Judge Kevin S.C. Chang's February 7, 2008 Order Denying Motion to Set Aside Default Against Defendant Nada R. Martl