IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARY VALVANIS, JOHN VALVANIS AND GEORGE VALVANIS, <br><br> Plaintiffs, <br><br> vs. <br><br> ROBERT B. MILGROOM, NADA MARTL aka NADA R. MILGROOM, and CHRISTIAN MAERTL, <br><br> Defendants. <br> _____ | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL NO. 06-00144 JMS-KSC <br><br> ORDER REJECTING MAGISTRATE JUDGE CHANG'S APRIL 17, 2008 FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT NADA MARTL, AND DENYING PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT NADA MARTL |

**ORDER REJECTING MAGISTRATE JUDGE CHANG'S APRIL 17, 2008 FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT NADA MARTL, AND DENYING PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT NADA MARTL**

On April 17, 2008, United States Magistrate Judge Kevin S.C. Chang entered his Findings and Recommendation to Grant in Part and Deny in Part Plaintiffs' Motion for Default Judgment Against Defendant Nada Martl ("April 17, 2008 F&R"). On April 30, 2008, Martl filed Objections to the April 17, 2008 F&R, arguing, among other things, that default judgment against her is inappropriate until claims against the other defendant, Robert Milgroom, have

been adjudicated.  Based on the following, the court REJECTS the April 17, 2008 F&R, and DENIES Plaintiffs' Motion for Default Judgment against Martl.

## I. **BACKGROUND**

Plaintiffs Mary, John, and George Valvanis ("Plaintiffs") allege that they became Milgroom's creditors from business dealings that occurred in the 1980s, and which are the basis of litigation in Massachusetts.[1]  The Massachusetts Litigation, starting in 1987, resulted in a judgment in Plaintiffs' favor for almost $4 million dollars in 2007 and is currently on appeal.  Plaintiffs allege that Milgroom and Martl engaged in a scheme starting in 2001 to hide and shield Milgroom's assets from his creditors, including Plaintiffs.  Defendants married in 2001, and in 2002 purchased real property located in Honolulu, Hawaii for $5.2 million cash (the "Hawaii Property") to be held as tenants by the entirety.  In 2003, Milgroom transferred his interest in the Hawaii Property to Martl, and the two divorced in 2005.  Shortly thereafter, Milgroom filed for bankruptcy.  The Hawaii Property remains in Martl's name.

In this action, Plaintiffs seek to satisfy Milgroom's debt through the Hawaii Property.  Plaintiffs filed a Complaint against Martl on March 10, 2006,

---

[1] A detailed description of Plaintiffs' factual allegations may be found in the court's November 13, 2007 Order Denying Defendants' Motion to Dismiss and/or for Summary Judgment.

and a First Amended Complaint ("FAC") against Martl and Milgroom on May 23, 2006.  In their FAC, Plaintiffs allege that the Hawaii Property transfer to Martl was fraudulent, and seek damages and equitable relief, including avoidance of the Hawaii Property transfer from Milgroom to Martl.  The FAC alleges claims of: (1) Fraudulent Conveyance Under Hawaii Revised Statutes ("HRS") ch. 651C, Hawaii Uniform Fraudulent Transfer Act ("HUFTA"); (2) Civil Conspiracy to Defraud; (3) Common Law Fraudulent Transfer; (4) Constructive and/or Resulting Trust and/or Equitable Lien; (5) Injunction Against Further Disposition of the Hawaii Property; and (6) Appointment of Receiver.[2]

On December 14, 2007, Plaintiffs filed a Motion for Leave to File Second Amended Complaint, and a Request for Entry of Default against Martl, based on her failure to answer or otherwise plead to the FAC.  The Clerk of Court entered default that same day.[3]  On December 19, 2007, Martl's counsel moved to set aside the entry of default, which Magistrate Judge Chang denied on February 7, 2008.  On February 14, 2008, counsel for Martl filed an appeal of the February

---

[2] The FAC also included claims for spoliation of evidence and enforcement of contempt order and judgment, which the court dismissed in its November 13, 2007 Order.

[3] This was the second time that the Clerk of Court entered default against Martl.  On July 24, 2006, Martl, represented by new counsel, filed a motion to set aside default entered on July 11, 2006.  Martl argued, among other things, that (1) her previous counsel did not notify her that her answer was due until one day prior to the deadline, and (2) Martl's son Christian Maertl ("Maertl") had notified Plaintiffs that Martl needed additional time to answer due to illness.  On September 18, 2006, Magistrate Judge Chang granted Martl's motion to set aside default.

7, 2008 Order, and the court affirmed the February 7, 2008 Order on February 28, 2008.

On March 5, 2008, Plaintiffs filed a Motion for Entry of Default Judgment against Martl. On March 19, 2008, Martl, through her counsel, filed an Opposition. On March 21, 2008, Martl personally filed a Motion to Set Aside Entry of Default and/or Judgment,[4] which Magistrate Judge Chang construed as an Opposition. On April 3, 2008, Plaintiffs filed a Reply.

On April 17, 2008, Magistrate Judge Chang entered his F&R, recommending that default judgment be entered against Martl, and that Plaintiffs be granted the following remedies: (1) avoidance of the Hawaii Property transfer from Milgroom to Martl; (2) attachment of the Hawaii Property as security for the Massachusetts judgment; (3) appointment of a receiver to take possession of the Hawaii Property and the personal property therein; and (4) injunction preventing

---

[4] While Martl's March 21, 2008 filing appears to be signed by Martl, it remains unclear whether Martl is even aware of this filing. Martl's counsel has filed several motions to withdraw as counsel, which Magistrate Judge Chang has denied because Martl's counsel has been unable to provide a current address for Martl as required by Local Rule 83.6 ("A motion to withdraw must specify the reasons for the withdrawal . . . and the name, address, and telephone number of the client."). The court agrees with Magistrate Judge Chang's reasoning, and denied Martl's counsel's appeal of this decision during the May 12, 2008 hearing. Despite Martl having counsel in this action, Maertl claims that Martl granted him power of attorney, has submitted several letters to the court advocating for her, and also signed an answer to the Second Amended Complaint on her behalf. See Doc. No. 266 (discussing letters submitted by Maertl on behalf of Martl); Doc. No. 315, Feb. 18, 2008 Maertl Decl. As of this date, Martl has failed to confirm her address with the court, and has given no recent verification that she knows the status of this action.

further disposition of the Hawaii Property. On April 30, 2008, Martl, through counsel, filed her Objections. On May 5, 2008, Milgroom filed a Response, and on May 6, 2008, Plaintiffs filed their Response. A hearing was held on May 12, 2008.

## II. **STANDARD OF REVIEW**

A motion for default judgment is a dispositive motion, requiring the issuance of a findings and recommendations by the magistrate judge. *See Conetta v. Nat'l Hair Care Ctr., Inc.*, 236 F.3d 67, 72-73 (1st Cir. 2001); *Callier v. Gray*, 167 F.3d 977, 980 (6th Cir. 1999). When a party objects to a magistrate judge's findings or recommendations, the district court must review de novo those portions to which the objections are made. *United States v. Raddatz*, 447 U.S. 667, 673 (1980); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise."); 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). De novo review means the court must consider the matter anew, as if it had not been heard before and as if no decision previously had been rendered. *United States v. Silverman*, 861 F.2d 571, 576 (9th Cir. 1988). The

district court need not hold a de novo hearing; however, it is the court's obligation to arrive at its own independent conclusion about those portions of the magistrate judge's findings or recommendation to which a party objects. *United States v. Remsing*, 874 F.2d 614, 616 (9th Cir. 1989).

### III. DISCUSSION

Martl argues that default judgment is premature -- that is, it should not be entered until Plaintiffs' claims against Milgroom have been adjudicated.[5] Specifically, Martl argues that her liability is predicated upon Milgroom's liability such that the court risks inconsistent judgments by entering default against her while claims against Milgroom remain. Based on the following, the court agrees.

Plaintiffs seek entry of default judgment against Martl, even though their claims against Milgroom -- which involve the same allegations and same Hawaii Property -- are still pending. Federal Rule of Civil Procedure 54(b) specifies that "when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all . . . parties only if the court expressly determines that there is no just reason for delay." *See also*

---

[5] Martl also argues that the Second Amended Complaint supercedes the FAC such that the court cannot enter default judgment against her on the FAC. Because the court finds that default judgment cannot be entered against Martl on *any* of the Complaints until the claims against Milgroom are adjudicated, the court does not address this objection to the April 17, 2008 F&R.

6

*Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980) (noting that the court has discretion to enter a default judgment as to less than all defendants).

In *Frow v. De La Vega*, 82 U.S. 552 (1872), the Supreme Court held that under certain circumstances, the court should not enter a default judgment against one defendant which would be inconsistent with judgment on the merits in favor of the answering defendants. Specifically, *Frow* found that "where a complaint alleges that defendants are jointly liable and one of them defaults, judgment should not be entered against the defaulting defendant until the matter has been adjudicated with regard to all defendants." *In re First T.D. & Inv., Inc.*, 253 F.3d 520, 532 (9th Cir. 2001) (*citing Frow*, 82 U.S. at 554). This rule prevents an "incongruous and illegal" result of the plaintiff receiving one judgment affirming a charge of joint liability against the defaulting defendant, yet another judgment rejecting such charge against the answering defendant. *Frow*, 82 U.S. at 554.

The Ninth Circuit recognizes that *Frow's* reasoning is not limited to claims asserting joint liability, but may extend to defendants who are "similarly situated." *In re First T.D. & Inv., Inc.*, 253 F.3d at 532 (agreeing with the Eleventh Circuit's interpretation of *Frow* in *Gulf Coast Fans, Inc. v. Midwest Elecs. Imps., Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984)). The relevant question is

not whether the plaintiff is proceeding on a theory of joint liability, but whether it would be "incongruous and unfair" to allow a plaintiff to prevail against a defaulting defendant on a legal theory ultimately rejected with regard to the answering defendant in the same action.  *Id.*; *see also Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 1008 (N.D. Cal. 2001) ("*Frow's* applicability turns not on labels such as 'joint liability' or 'joint and several liability,' but rather on the key question of whether under the theory of the complaint, liability of all the defendants must be uniform.").

The Ninth Circuit has not addressed facts similar to those presented in this fraudulent transfer action -- where Plaintiffs seek default judgment against the transferee (Martl), but claims against the transferor (Milgroom) remain.  This case is further complicated by the fact that Milgroom and Martl originally held the Hawaii Property as tenants by the entirety, and Milgroom and Martl are no longer married.  Property held in a tenancy by the entirety is not subject to creditors' claims against only one spouse,[6] and may be transferred from a tenancy by the

---

[6] HUFTA defines the "transfer" of a fraudulent transfer as "every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with an *asset* or an interest in an *asset* . . . ."  HRS § 651C-1 (emphasis added).  An "'asset' means property of a debtor but does not include . . . an interest in property held in tenancy by the entireties to the extent that it is not subject to process by a creditor holding a claim against only one tenant."  *Id.*  From the plain language of these definitions, it appears that property held in a tenancy by the entirety is generally not considered an "asset" of a debtor, and a debtor's transfer

(continued...)

8

entirety without creditors' claims attaching to it. *Sawada v. Endo*, 57 Haw. 608, 612, 561 P.2d 1291, 1295 (1977) (stating that property held in a tenancy by the entirety "is not subject to the claims of his or her individual creditors during the joint lives of the spouses," and refusing to avoid spouses' property transfer to their children).[7] Accordingly, to satisfy Milgroom's debt through the Hawaii Property, Plaintiffs must prove not only that Milgroom fraudulently transferred his interest in the Hawaii Property to Martl, but also that the tenancy by the entirety was created to defraud existing creditors.[8] *See id.* at 616, 561 P.2d at 1297 (noting that

---

[6](...continued)
of property held in an tenancy by the entirety therefore cannot be a fraudulent "transfer" pursuant to HUFTA.

[7] *See also Am. Wholesale Corp. v. Aronstein*, 10 F.2d 991, 993 (D.C. Cir. 1926) (finding that creditors of husband seeking to set aside conveyances of property to his wife had no relief "since in effect they are seeking to enforce execution for the collection of their judgments against an estate which from its nature is not subject to such a process"); *Wylie v. Zimmer*, 98 F. Supp. 298, 300 (E.D. Pa. 1951) (granting motion to dismiss to extent bankruptcy trustee sought to set aside transfer of property held as tenants by the entirety to third party, and then back to wife, because trustee could not acquire debtor husband's interest in it); *Watterson v. Edgerly*, 388 A.2d 934, 938 (Md. App. 1978) ("A property owned as tenants by the entireties may be conveyed by either the husband or the wife to the sole ownership of the other even though the purpose behind the conveyance is to prevent the enforcement of a judgment against the grantor should he survive the grantee."); *Vasilion v. Vasilion*, 66 S.E. 2d 599, 602 (Va. 1951) (holding that husband and wife could convey land held by them as tenants by the entireties to wife free of any claim based on pre-existing debt of husband subsequently reduced to judgment, and that such conveyance could not be set aside as fraudulent as to judgment creditor); *Page v. Corn Exch. Nat'l Bank & Trust Co.*, 171 A. 560, 561 (Pa. 1934) (finding that because creditors could not subject property held in an tenancy by the entireties to a lien or prevent its transfer to a third party, creditors were not defrauded by transfer to the wife).

[8] By stating that Plaintiffs must prove that the tenancy by the entirety was created to defraud existing creditors, this Order does not outline the precise contours of Plaintiffs'
(continued...)

9

"the creation of the tenancy by the entirety may not be used as a device to defraud existing creditors").

Even absent the tenancy by the entirety issue, however, other courts addressing fraudulent transfers have found that default judgment should not be entered against only one party because inconsistent judgments are possible. *See Quantum Sail Design Group v. Liberty Enter., Inc.*, 2004 WL 1202721, at *3 (D. Conn. Mar. 26, 2004) (finding that under Connecticut UFTA statute, where "default judgment has been entered against a transferor, a transferee who has filed a timely answer to the complaint must be afforded an opportunity to litigate the affirmative defenses provided by the statute"); *In re Vantage Petroleum Corp.*, 43 B.R. 257, 260 (N.Y. Bkrtcy. 1984) ("A finding of liability as to the transferee but no liability as to all transferors would certainly be inconsistent and unjust.").

Applying these principles, the court finds that entering default judgment against Martl would open the door to the possibility of an incongruous and unfair judgment. Entering a default judgment against Martl as set forth in the

---

[8](...continued)
fraudulent transfer and HUFTA claims. Rather, the court addresses this issue here only as it applies to whether default judgment should be entered against Martl. The court does reject, however, Plaintiffs' argument at the hearing that Plaintiffs do not have to prove that the tenancy by the entirety was fraudulently created because Milgroom quit-claimed his interest in the Hawaii Property to Martl. As discussed above, property held in a tenancy by the entirety is not subject to the claims of one spouse's creditors, and can be transferred from a tenancy by the entirety without those claims attaching.

April 17, 2008 F&R or as sought by Plaintiffs would clearly prejudice Milgroom -- in effect, Plaintiffs would prevail not only as to Martl but as to Milgroom as well. Specifically, Plaintiffs would be entitled, among other things, to avoidance of the transfer of the Hawaii Property to Martl without the proof required under HUFTA. Because they are no longer married, Martl and Milgroom would then presumably hold the property as joint tenants, and Plaintiffs, as Milgroom's creditors, could possibly satisfy Milgroom's debt through this asset without first proving at trial their fraudulent transfer claims against Milgroom.[9] This result, of course, is untenable.

Even if a default judgment could be entered against Martl without prejudicing Milgroom, Plaintiffs would nonetheless be required to prove its HUFTA claim against Milgroom, and that the tenancy by the entirety was created to defraud existing creditors. If Plaintiffs fail to prevail against Milgroom, then the transfers could not be set aside. As a result, there will be inconsistent judgments. Specifically, should default judgment enter against Martl and should Milgroom prevail at trial, Martl would now own the Hawaii Property as joint tenants with Milgroom, even though a jury found otherwise. This scenario leads

---

[9] Indeed, at the hearing Plaintiffs agreed that once the transfer of the Hawaii Property to Martl was set aside, then nothing would prevent Milgroom's creditors from attaching the Hawaii Property.

to the inevitable conclusion that Milgroom and Martl are similarly situated as defendants in this action, and default judgment cannot be entered against Martl while fraudulent transfer claims regarding the same property against Milgroom remain. Stated differently, this possibility of incongruous results provides just reason for delay in entering default judgment against Martl until after the claims against Milgroom have been adjudicated.

Plaintiffs make several arguments that entering default judgment against Martl would not lead to inconsistent judgments, none of which the court finds persuasive. Plaintiffs first argue that Martl may be held liable without regard to her or Milgroom's intent. It is true that Martl's intent is not a necessary element for proving a fraudulent transfer pursuant to HUFTA, but that does not change that the fraudulent transfer claims -- whether against Milgroom or Martl -- include the same elements. Both Martl and Milgroom are parties to this action, and as described above, a finding of liability against Martl and finding of no liability against Milgroom would be an incongruous result.

Plaintiffs also summarily assert that there is no possibility of illogical outcomes between Milgroom and Martl because Plaintiffs have established a prima facie case against Martl and neither Milgroom nor Martl has any valid

defenses. Pls.' Resp. Mot. 16. Plaintiffs' argument misses the mark.[10] The issue presented here is whether entering default judgment against Martl while Plaintiffs' claims against Milgroom are still pending opens the door for inconsistent judgments. Whether Plaintiffs have indeed made out a prima facie case against Milgroom and/or whether Milgroom has any valid defenses is not an issue for default judgment against Martl, but rather summary judgment and/or trial against Milgroom.

Finally, Plaintiffs argue that they have alleged claims against Martl only, including constructive and/or resulting trust and/or equitable lien, injunction against further disposition of the Hawaii Property, and appointment of receiver. These claims rely, however, on Plaintiffs' fraudulent transfer claims, and Plaintiffs would not be entitled to any of these equitable, final remedies if they do not prevail on their fraudulent transfer claims as well. Accordingly, the fact that Plaintiffs asserted some claims against Martl only does not change the court's analysis.

---

[10] Plaintiffs cite to the non-published Third Circuit opinion of *In re Victor International Inc.*, 97 Fed. Appx. 365 (3d Cir. 2004), as showing that default judgment may be entered against the transferee. This case does not help Plaintiffs' position. *In re Victor International Inc.* is a non-precedential opinion, and is not otherwise controlling on this court. *See* Internal Operating Procedures of the Third Circuit, Rule 5.3. In any event, *In re Victor International Inc.* did not address the Rule 54(b) question, *i.e.*, whether the court can enter default judgment against one defendant while claims against another defendant remain.

## IV.  **CONCLUSION**

For the reasons discussed above, the court REJECTS Magistrate Judge Chang's April 17, 2008 Findings and Recommendation to Grant in Part and Deny in Part Plaintiffs' Motion for Default Judgment Against Defendant Nada Martl, and uses its discretion to DENY Plaintiffs' Motion for Default Judgment against Nada Martl.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, May 20, 2008.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Valvanis et al. v. Milgroom et al.*, Civ. No. 06-00144 JMS/KSC, Order Rejecting Magistrate Judge Chang's April 17, 2008 Findings and Recommendation to Grant in Part and Deny in Part Plaintiffs' Motion for Default Judgment Against Defendant Nada Martl, and Denying Plaintiffs' Motion for Entry of Default Judgment Against Defendant Nada Martl