IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARY VALVANIS, JOHN VALVANIS AND GEORGE VALVANIS, <br><br>          Plaintiffs,<br><br>vs.<br><br>ROBERT B. MILGROOM, and NADA MARTL aka NADA R. MILGROOM,<br><br>          Defendants.<br>_____ | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL NO. 06-00144 JMS-KSC<br><br>ORDER DENYING DEFENDANT ROBERT B. MILGROOM'S SECOND MOTION FOR CHANGE OF VENUE |

### ORDER DENYING DEFENDANT ROBERT B. MILGROOM'S SECOND MOTION FOR CHANGE OF VENUE

Currently before the court is Defendant Robert B. Milgroom's ("Milgroom") Second Motion for Change of Venue ("Milgroom's Second Motion") on the basis that his health prevents him from traveling to Hawaii for trial. Based on the following, the court DENIES Milgroom's Second Motion.

### I. BACKGROUND[1]

On February 11, 2008, Milgroom filed a Motion for Change of Venue ("Milgroom's First Motion"), arguing, among other things, that the case should be

---

[1] Because the court's previous orders have set forth in detail the facts and procedural history of this action, *see e.g.*, Doc. Nos. 203, 465, the court focuses here on only those facts relevant to Milgroom's Second Motion for Change of Venue.

transferred to Florida because he is too ill to travel to Hawaii for trial. On April 10, 2008, the court denied Milgroom's First Motion based on weighing the relevant factors articulated in *Jones v. GNC Franchising, Inc.*, 211 F.3d 495 (9th Cir. 2000). *See Valvanis v. Milgroom*, 2008 WL 1780306, at *6-7 (D. Haw. Apr. 10, 2008). Because Milgroom provided no evidence from doctors to substantiate his illness, the court rejected Milgroom's bare assertions as reason for transferring the action, but indicated that it would consider a second motion directed to the specific issue of whether Milgroom was too ill to travel to Hawaii for trial. *Id.* at *7 n.11.

On May 9, 2008, Milgroom filed his Second Motion to Change Venue ("Milgroom's Second Motion"), and attached two doctor's notes stating that Milgroom cannot travel.[2] Doc. No. 452. In response, Plaintiffs Mary, John, and George Valvanis ("Plaintiffs") notified the court that they were unable to file an Opposition until they conducted discovery regarding Milgroom's health, *see* Doc. No. 462, and then filed a Motion to Compel Milgroom to Submit to a Rule 35 Examination ("Plaintiffs' Rule 35 Motion"). Up until this time, Milgroom had refused to authorize the release of his medical records to anyone other than a

---

[2] Rather than focus on his health, Milgroom's Second Motion reiterated many of the arguments that the court previously weighed in denying Milgroom's First Motion. The court struck all portions of Milgroom's Second Motion that made arguments beyond the issue of whether his health prevents him from traveling to Hawaii for trial. *See* Doc. No. 462.

certified doctor. Doc. No. 474.

During a July 3, 2008 hearing on Plaintiffs' Rule 35 Motion, the court explained that it could not grant Plaintiffs' Rule 35 Motion where the scope of the examination would be unclear due to Milgroom's failure to provide sufficient detail concerning his precise health issues. The court stated that it would allow limited discovery for Plaintiffs to determine the scope of any proposed Rule 35 examination and/or respond to Milgroom's Second Motion. Doc. No. 474. Also during the hearing, Milgroom asserted that he would make his medical records available to Plaintiffs and sign an Authorization and Release of Information approved by the court. After reviewing Plaintiffs' draft authorization and receiving comments by Milgroom, the court entered its Order Granting in Part and Denying in Part Plaintiffs' Motion for a Rule 35 Examination and an authorization for Milgroom to sign. Doc. No. 476. The court ordered Milgroom to sign the authorization to permit Plaintiffs to obtain relevant medical records "to assist them in determining the scope of any proposed independent medical examination and/or respond to Milgroom's Second Motion for Change of Venue." *Id.* On July 10, 2008, Milgroom signed a "Consent to Release Medical Information," which was *not* the authorization approved by the court. Doc. No. 477.

On August 5, 2008, Plaintiffs notified the court that Milgroom has not

complied with discovery. On August 28, 2008, Plaintiffs submitted their Opposition to Milgroom's Second Motion, and Milgroom filed his Reply on August 24, 2008.

## II. **STANDARD OF REVIEW**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). In determining whether the convenience of parties and the interest of justice require a transfer of venue, the Ninth Circuit has articulated several factors that the district court may consider, including:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones*, 211 F.3d at 498-99. Further, "the relevant public policy of the forum state, if any, is at least as significant a factor in the § 1404(a) balancing." *Id.* at 499.

"Weighing of the factors for and against transfer involves subtle considerations and is best left to the discretion of the trial judge." *Commodity*

*Futures Trading Comm. v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979); *see also Jones*, 211 F.3d at 498 ("[T]he district court has discretion to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." (quotations omitted)). A motion to transfer venue should be granted only where the defendant "make[s] a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

### III.  DISCUSSION

Milgroom argues that this action must be transferred to the Southern District of Florida because his health prevents him from traveling to Hawaii for trial. In opposition, Plaintiffs argue that Milgroom's Second Motion should be denied because he has refused to comply with discovery, thereby prejudicing Plaintiffs in rebutting Milgroom's assertions regarding his health. The court agrees that Milgroom's Second Motion should be denied.

The April 10 Order on Milgroom's First Motion found that Milgroom had not carried his burden to show that this action should be transferred. *See Valvanis*, 2008 WL 1780306, at *6-7. The only additional facts now are two (very cursory) doctor's notes by Robert Rosenstein, M.D., and R. M. Warneke, M.D., stating respectively that Milgroom is advised "to avoid travel at the present time,"

5

and that he "should not travel long distances in a car or fly."[3] *See* Milgroom's Second Mot., attached letters.  These letters, whether taken alone or weighed together with the other factors addressed in the April 10 Order, are insufficient to overturn Plaintiffs' choice of forum.

Specifically, Milgroom injected the issue of his health into this action, yet has refused to provide any meaningful discovery to Plaintiffs or submit any specific evidence explaining why he is unable to travel.  Due to Milgroom's doctor's letters and assertions about his health, the court ordered that Milgroom sign an authorization, approved by the court, that allowed Plaintiffs discovery to determine whether Milgroom's health truly prevented him from traveling for trial.  Specifically, the authorization (1) authorizes all medical personnel to furnish full and complete records and written or verbal opinions that may be requested by

---

[3] Milgroom provided no declaration authenticating these doctor's notes, and the court does not assume their authenticity.  While Milgroom is appearing pro se, Milgroom is also a disbarred attorney and must follow both the Rules of Civil Procedure and the rules of this court.  Milgroom's failure to put forth admissible evidence of his health is basis to deny Milgroom's Second Motion.

Further, since filing his Second Motion, Milgroom has made additional assertions about his failing health, which this court disregards because they are unsupported by evidence.  For example, in his Reply, Milgroom references a "recent fall" necessitating "very strong pain medication" and a potential "spine operation."  Milgroom submitted no evidence of either of these events, and the court does not accept Milgroom's bald assertions regarding his health.  The court also received a facsimile from Odette Robinson-Shannon, an Inpatient Social Worker at the Department of Veterans Affairs, stating that Milgroom "is currently inpatient at this time."  The court will not accept ex parte non-party communications.  The court therefore STRIKES this letter from the record.

Plaintiffs' counsel, (2) authorizes Drs. Rosenstein, Warneke, and Mabuti, the three doctors Plaintiffs were aware of, to talk directly with and provide reasonable information to Plaintiffs' counsel, (3) requires Milgroom to list his other physicians in the past five years, and (4) must be notarized.  The court included these provisions so that Plaintiffs would have access to a complete picture of Milgroom's health, and could speak with Milgroom's doctors about the extent of Milgroom's health issues and whether reasonable accommodations could nonetheless allow Milgroom to attend trial in Hawaii.

        Despite asserting at the hearing that he would sign an authorization provided by the court, Milgroom created his own authorization that is substantially more limited.  In the first paragraph, Milgroom's authorization provides:

> The two Hawaii law firms listed below want to get their own "independent opinion" as to whether or not it would be a serious health risk for me at age 86 to travel alone from Florida to Hawaii, staying at a Hawaii hotel during a very long and stressful trial, traveling back and forth each day between the hotel and the court room during that long period, traveling to get my meals each day, etc., and doing all this alone.

 Doc. No. 477.  Milgroom's authorization then allows for six medical personnel and/or centers to furnish full and complete records when requested by Plaintiffs' counsel.  Compared to the court's authorization, Milgroom's version does not allow Milgroom's doctors to speak with Plaintiffs' counsel, is not notarized, and

leaves unanswered the identities of Milgroom's doctors for the past five years. Given these deficiencies, Plaintiffs requested that Milgroom sign the court's authorization, and Milgroom did not respond.  Pls.' Opp'n, Pettit Decl. ¶ 23.

Milgroom's failure to sign the court's authorization prevented Plaintiffs from receiving necessary discovery concerning Milgroom's health, and Plaintiffs had no obligation to seek discovery using Milgroom's limited authorization where the court had already laid out the contours of discovery, tailored the authorization for that purpose, and ordered Milgroom to sign the court-approved authorization.[4]  The court has afforded Milgroom multiple opportunities to explain why trial must be held in Florida, but his scant evidence regarding his health and failure to participate in discovery do not carry his burden.

As explained in the court's April 10 Order on Milgroom's First Motion, most of the relevant factors weigh against a transfer -- Plaintiffs raise Hawaii state law claims, Plaintiffs chose this forum, the major asset at issue is located in Hawaii, many of the allegations occurred in Hawaii, and this court has presided over this case for over two years.  Weighing against venue is the fact that Milgroom is located in Florida, and Plaintiffs live in neither of the potential

---

[4] Plaintiffs argue that Milgroom's actions should be sanctioned.  While the court agrees that Milgroom has failed to comply with the court's July 9 Order, the court declines to issue sanctions on this issue.

forums.  While Milgroom has now raised the issue of his health, he has not carried his burden to show that this fact outweighs the other factors in favor of trial in Hawaii.

For these reasons, the court DENIES Milgroom's Second Motion for Change of Venue.  Milgroom is cautioned that failure to attend trial will result in sanctions, up to and including default being entered against him.  *See* Fed. R. Civ. P. 55(a).

## IV.  **CONCLUSION**

For the reasons discussed above, the court DENIES Milgroom's Second Motion for Change of Venue.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, September 4, 2008.



/s/ J. Michael Seabright
_____
J. Michael Seabright
United States District Judge

*Valvanis et al. v. Milgroom et al.*, Civ. No. 06-00144 JMS/KSC, Order Denying Defendant Robert B. Milgroom's Second Motion for Change of Venue