IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARY VALVANIS, JOHN VALVANIS AND GEORGE VALVANIS, <br><br>  Plaintiffs, <br><br>   vs. <br><br> ROBERT B. MILGROOM, and NADA MARTL aka NADA R. MILGROOM, <br><br>  Defendants. <br> _____ | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL NO. 06-00144 JMS-KSC <br><br> ORDER DENYING DEFENDANT ROBERT B. MILGROOM'S MOTION FOR RECONSIDERATION OF THE ORDER ENTERING DEFAULT AGAINST HIM |

## ORDER DENYING DEFENDANT ROBERT B. MILGROOM'S MOTION FOR RECONSIDERATION OF THE ORDER ENTERING DEFAULT AGAINST HIM

On December 30, 2008, the court entered default against Defendant Robert B. Milgroom ("Milgroom") as a result of his willful conduct of violating numerous court orders and rules in an attempt to prevent this action from proceeding on the merits ("Order Entering Default").[1] On January 14, 2009, Milgroom filed an "Ex Parte Motion for (A) Leave to File and (B) Shorten Time for Notice of Hearing on Defendant Robert B. Milgroom's Motion for Reconsideration of Default, Based on Very Important Newly Discovered

---

[1] Because the Order Entering Default provides a thorough discussion of the factual and procedural background regarding default against Milgroom, the court does not reiterate it here.

Evidence." On January 15, 2009, the court granted Milgroom leave to file his Motion for Reconsideration, and Plaintiffs filed their Opposition on January 21, 2009. After careful consideration, the court DENIES Milgroom's Motion for Reconsideration.[2]

## STANDARD OF REVIEW

Local Rule 60.1 allows a party to file a motion for reconsideration of an interlocutory order. Reconsideration is permitted only where there is "(a) Discovery of new material facts not previously available; (b) Intervening change in law; [or] (c) Manifest error of law or fact." *See also Sierra Club, Haw. Chapter v. City & County of Honolulu*, 486 F. Supp. 2d 1185, 1188 (D. Haw. 2007) ("Local Rule 60.1 explicitly mandates that reconsideration only be granted upon discovery of new material facts not previously available, the occurrence of an intervening change in law, or proof of manifest error of law or fact.").

A "motion for reconsideration must accomplish two goals. First, a motion for reconsideration must demonstrate reasons why the court should reconsider its prior decision. Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Donaldson v. Liberty Mut. Ins. Co.*, 947 F. Supp. 429, 430 (D. Haw.

---

[2] Pursuant to Local Rule 7.2(d), this motion can be decided without oral argument.

1996); *Na Mamo O 'Aha 'Ino v. Galiher*, 60 F. Supp. 2d 1058, 1059 (D. Haw. 1999).  Mere disagreement with a previous order is an insufficient basis for reconsideration, and reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision. *See Haw. Stevedores, Inc. v. HT & T Co.*, 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005).  "Whether or not to grant reconsideration is committed to the sound discretion of the court."  *Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000)).

## DISCUSSION

Like his many other motions for reconsideration,[3] Milgroom once again ignores the three limited bases under which a party may bring a motion for reconsideration and instead offers a panoply of arguments that are either not newly discovered evidence or are irrelevant to the court's decision to enter default

---

[3]  Prior to the current Motion for Reconsideration, Milgroom has filed, and the court has denied, numerous motions for reconsideration.  *See* Doc. Nos. 225 (Order Denying Defendant's Motion for Reconsideration of his Motion to Dismiss, or in the Alternative, for Summary Judgment), 365 (Order Denying Defendant Robert B. Milgroom's Motion for Reconsideration of Judge Kevin S.C. Chang's Decision Entered on February 29, 2008), 531 (Order Denying Defendant Robert B. Milgroom's Motion for Reconsideration of his Second Motion for Change of Venue), 557 (Order Denying Ex Parte Motion for (A) Leave to File and (B) Shorten Time for Notice of Hearing Re: Defendant Robert B. Milgroom's Motion for Reconsideration of Appointment of Receiver), and 600 (Order Denying Defendant Robert B. Milgroom's Motion for Reconsideration of Judge Chang's Decision of November 10, 2008).

against Milgroom.  Milgroom's Motion for Reconsideration is therefore meritless.

For example, Milgroom asserts that his Motion for Reconsideration is "based on new material facts *not previously remembered* by Milgroom," *see* Milgroom Mot. ¶ 2 (emphasis added) -- but simply remembering information already available to him is not a proper basis for reconsideration.  To base a motion for reconsideration on the discovery of new evidence, Milgroom is "*obliged* to show not only that this evidence was newly discovered or unknown to [him] . . . but also that it could not with reasonable diligence have discovered and produced such evidence."  *Frederick S. Wyle Prof'l Corp. v. Texaco, Inc.*, 764 F.2d 604, 609 (9th Cir. 1985) (citation and quotation signals omitted); *see also Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 892 n.6 (9th Cir. 1994) ("Evidence is not newly discovered if it was in the party's possession at the time of [the decision] or could have been discovered with reasonable diligence." (citation omitted)); *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) ("The overwhelming weight of authority is that the failure to file documents in an original motion or opposition does not turn the late filed documents into 'newly discovered evidence.'").

Milgroom's "new material fact" -- an Order of Consolidation and Reference to Master, which is dated December 23, 1991 and filed in a

Massachusetts state action brought by Plaintiffs against Milgroom (the "1991 Order") -- does not meet this standard for reconsideration. Milgroom was not only a named defendant in the Massachusetts state action, but also actively participated in it. As such, Milgroom cannot seriously argue that he did not know about or could not have discovered the 1991 Order until after the Order Entering Default.[4]

Milgroom's other arguments for reconsideration do not even come close to any of the three bases for reconsideration. Apparently viewing his Motion for Reconsideration as an opportunity to revisit *any* issue in this action, Milgroom argues, among other things, that: (1) his health prevents him from traveling to Hawaii for trial such that this action should be transferred to Florida, Milgroom Decl. ¶¶ 12-18, 23-24, 33, 36; (2) this action should be stayed until a final appellate decision in the Massachusetts state action; *id.* ¶ 19; (3) the facts of the Massachusetts state action show that Plaintiffs' claims are meritless, *id.* ¶¶ 19-22, 26; and (4) Magistrate Judge Chang improperly appointed a receiver for Martl's Hawaii real estate.[5] *Id.* ¶ 28. These arguments have already been addressed and

---

[4] Indeed, Milgroom actually attached the 1991 Order to a brief filed in the Massachusetts Action on December 13, 2008, and discussed the 1991 Order in a December 29, 2008 letter to Plaintiffs. *See* Milgroom Ex. A; Milgroom Decl. ¶ 3. Milgroom therefore has no excuse for his late disclosure.

[5] Milgroom also asserts that he "just received the 32 page Order of Default that contains many errors of fact and law that I will need a reasonable length of time to answer, such as the fact that I was never disbarred, that some of the statements are only half truths, but in reality are false

(continued...)

rejected by the court multiple times and they are not proper arguments for a Motion for Reconsideration of the Order Entering Default.  None of these arguments addresses why the court should reconsider its decision that Milgroom's conduct is sanctionable and that, based on the relevant factors, entry of default is the appropriate sanction.  In other words, Milgroom's arguments have absolutely nothing to do with whether the court should reconsider its Order Entering Default. Milgroom's Motion for Reconsideration is DENIED.

## CONCLUSION

For the reasons discussed above, the court DENIES Milgroom's Motion for Reconsideration of the Order Entering Default Against Him.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 4, 2009.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Valvanis et al. v. Milgroom et al.*, Civ. No. 06-00144 JMS/KSC, Order Denying Defendant Robert B. Milgroom's Motion for Reconsideration of the Order Entering Default Against Him

---

⁵(...continued)
statements." Milgroom Decl. ¶ 37. During a January 15, 2009 status conference, Milgroom asserted that he had no additional arguments to add to his Motion for Reconsideration.